IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ADAM ROSS BREGMAN and CHRIS SCHMITT,<br><br>　　　　　　Defendants. | **8:23-CR-86**<br><br><br>**MEMORANDUM AND ORDER ON THE DEFENDANTS' MOTIONS TO DISMISS** |

Defendants Adam Ross Bregman and Chris Schmitt are two of thirteen defendants named in the Third Superseding Indictment in this case. Filing 375. All the defendants have been charged with three crimes: conspiracy to distribute and possess with intent to distribute marijuana (Count I); money laundering (Count II); and conspiracy to commit money laundering (Count III). Filing 375. Schmitt has filed a motion to dismiss Count II of the Third Superseding Indictment and Bregman has filed two motions to dismiss the Third Superseding Indictment in its entirety. Filing 613 (Schmitt's Motion to Dismiss or In the Alternative Motion for Bill of Particulars); Filing 618 (Bregman's Motion to Dismiss for Duplicity or Alternatively, For a Bill of Particulars and Election and Motion to Dismiss for Improper Venue); Filing 622 (Motion to Dismiss Indictment as Barred by Statute of Limitations and for Selective Prosecution). Because Schmitt and Bregman seek

1

dismissal on similar grounds, the Court considers their motions together. For the following reasons, the defendants' motions are granted in part and denied in part.[1]

## I.  BACKGROUND

The original Indictment was filed in this case on April 17, 2023, and charged five defendants with three crimes: conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana and a mixture, compound, and preparation containing tetrahydrocannabinol (THC) in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1) (Count I); money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count II); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2 (Count III). Filing 4. Since then, the grand jury has returned three superseding indictments. Filing 75 (Superseding Indictment); Filing 205 (Second Superseding Indictment); Filing 375 (Third Superseding Indictment). The three counts have remained the same throughout, but additional defendants have been charged with those crimes and a Forfeiture Allegation has been added and changed in the superseding indictments. Defendant Adam Ross Bregman was first named in the Superseding Indictment filed on November 14, 2023, Filing 75, and defendant Chris Schmitt first appeared in the Third Superseding Indictment filed on March 18, 2025, Filing 375.

Bregman and Schmitt now seek the dismissal of all or part of the Third Superseding Indictment. Bregman first argues that Counts I, II, and III should be dismissed because they are "duplicitous." Filing 618 at 1. Alternatively, Bregman asks the Court to "order the government to

---

[1] Both Bregman and Schmitt request an evidentiary hearing on their motions. Under NECrimR 12.3(e)(1), "The court determines whether an evidentiary hearing is required on a pretrial motion." Because an evidentiary hearing is unnecessary to resolve the defendants' motions and because the Court does not believe a hearing would be helpful to the Court in resolving these matters, the defendants' requests for a hearing are denied.

file a bill of particulars and cure the duplicity in Counts I, II, and III by making elections prior to trial." Filing 618 at 4. Bregman also asserts that the Third Superseding Indictment should be dismissed because "Nebraska is not the appropriate venue," "the prosecution of Bregman is time-barred by the applicable statute of limitations," and "to the extent that the Third Superseding Indictment is attempting to prosecute unrelated, state-sanctioned activity that occurred within the applicable statute of limitations period, it is in violation of the Fifth Amendment Due Process and Equal Protection Guarantees, and the Tenth Amendment Limitation on Federal Action." Filing 618 at; Filing 622 at 1. Schmitt requests the dismissal of Count II "due to its violation of the duplicity doctrine," and he "alternatively" seeks "a Bill of Particulars for Counts I, II, and III." Filing 613 at 1.

## II. LEGAL ANALYSIS

The Court will consider the defendants' arguments by count, beginning with Counts I and III, the conspiracy charges.

### A. Counts I and III: The Conspiracy Charges

Count I alleges that "[f]rom an unknown date but at least as early as January 1, 2000, and continuing to August 31, 2021, in the District of Nebraska and elsewhere," the thirteen codefendants "knowingly and intentionally combined, conspired, confederated and agreed with each other, and with other persons known and unknown to the Grand Jury" to "distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and a mixture, compound and preparation containing" THC, "its salts, isomers, and salts of isomers, contained in a distillate a/k/a hashish oil and contained in 'wax' a/k/a 'shatter,' a Schedule I controlled substance." Filing 375 at 1–2. Count III alleges that "[f]rom an unknown date but at least as early as August 1, 2014, and continuing to August 31, 2021,

3

in the District of Nebraska and elsewhere," the thirteen codefendants "together and with others known and unknown to the Grand Jury, knowingly combined, conspired, and confederated and agreed among themselves and each other" to commit money laundering. Filing 375 at 2–3.

### 1. Counts I and III are Not Duplicitous

Bregman first argues that each of the conspiracy charges is duplicitous because it "appears to charge several separate conspiracies" instead of one single conspiracy each. Filing 618 at 3. An indictment is "duplicitous" when "two or more distinct and separate offenses" are joined "in a single count." *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997) (internal quotation marks omitted) (quoting *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995)). "The problem with a duplicitous indictment is that 'the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense.'" *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018) (quoting *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994)). "Nonetheless, the Sixth Amendment right to a unanimous jury verdict, imperiled with a duplicitous indictment, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011). Thus, a district court does not err by denying a defendant's motion to dismiss an indictment due to alleged duplicity when the court gives a limiting instruction "sufficient to cure the risk of a nonunanimous verdict." *Nattier*, 127 F.3d at 658.

Bregman derives his duplicity argument from his review of the Government's evidence, namely the pre-indictment complaint and its supporting affidavit. Filing 619 at 5. Bregman argues that these documents "suggest[ ] that the putative conduct at issue" in each conspiracy count "would comprise numerous several conspiracies, not a single overarching conspiracy to distribute controlled substances or commit money laundering." Filing 619 at 5. Put differently, Bregman believes that

the Government will not be able to prove that "all charged defendants . . . joined in a general overarching agreement with one another." Filing 619 at 10. Instead, Bregman explains, the Government's evidence as to Count I and III will at best support "a rimless hub-and-spoke formation in which a central core of conspirators make separate agreements with separate persons (or spokes), but these spokes have no knowledge of or connection to one another—a situation in which there is not a single conspiracy, but rather as many conspiracies as there are spokes." Filing 619 at 11, 18–19 (internal quotation marks and citation omitted). Arguing that "a rimless hub-and-spoke formation" results in "multiple separate conspiracies" and asserting that such a formation "is likely" in this case, Bregman faults Counts I and III for "appear[ing] to charge several conspiracies" and therefore being duplicitous. Filing 618 at 3, 11.

"Whether a given case involves single or multiple conspiracies depends on whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy." *United States v. Radtke*, 415 F.3d 826, 838 (8th Cir. 2005) (internal quotation marks and citation omitted). "A single conspiracy may exist even if the participants and their activities changed over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." *United States v. Smith*, 450 F.3d 856, 860 (8th Cir. 2006) (internal quotation marks and citation omitted). The distinction between single and multiple conspiracies "is a question of fact" that "is determined by the totality of the circumstances." *Radtke*, 415 F.3d at 838; *see also Smith*, 450 F.3d at 860 (explaining that "[w]hether the government's proof at trial established only a single conspiracy or multiple conspiracies is a question of fact").

Here, on its face, the Third Superseding Indictment alleges a single conspiracy in Count I and a single conspiracy in Count III: Count I charges Bregman with the single offense of conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of a mixture or substance

5

containing marijuana and Count III charges Bregman with the single offense of conspiracy to commit money laundering. Neither count distinguishes between multiple and single conspiracies. Accordingly, the Court cannot find that either count is duplicitous and the Court denies Bregman's motion to dismiss those counts.

Although Bregman sounds the duplicity alarm, his true concern appears to be that the "evidence at trial" will "prove[ ] multiple conspiracies, rather than the single conspiracy with which he was charged" in Counts I and III. *United States v. Slaughter*, 128 F.3d 623, 629–30 (8th Cir. 1997) ("If the indictment charges a single conspiracy, but the evidence shows multiple conspiracies, a variance exists."). Given that "it is a question of fact for the jury whether the government has shown a single conspiracy or multiple conspiracies," the Court concludes that Bregman's pretrial concern is better raised at trial. *Id.* at 630; *see also United States v. McCauley*, 715 F.3d 1119, 1123 (8th Cir. 2013) ("[W]hether the government has proven a single conspiracy or multiple conspiracies is to be resolved by the jury since it is a question of fact as to the nature of the agreement." (internal quotation marks and citation omitted)). Even if the conspiracy counts were duplicitous, that issue would also be better addressed at trial, as "any potential prejudice created" by duplicitous charges "may be cured when the jury is given a limiting instruction that requires it to unanimously find the defendant guilty with respect to at least one distinct act." *United States v. Fairchild*, 819 F.3d 399, 413 (8th Cir. 2016) (internal quotation marks and citation omitted). Accordingly, to the extent that Bregman remains concerned with Counts I and III and wishes to request limiting instructions at trial, the Court will entertain his request.

### 2. *A Bill of Particulars Is Not Warranted as to Counts I and III*

Having denied Bregman's motion to dismiss Counts I and III, the Court also denies Bregman's and Schmitt's alternative request for a bill of particulars providing "specific

information" related to Counts I and III, such as the "identities of all known and unknown co-conspirators" or the "specific time period" that the defendants are "alleged to have participated in each alleged conspiracy." Filing 614 at 1–2; Filing 619 at 2.

Although there is certainly room for more detail in the Third Superseding Indictment, the "test of the sufficiency of an indictment is not whether it could not have been made more definite and certain, but whether it contains the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet. . . ." *United States v. Prelogar*, 996 F.3d 526, 531 (8th Cir. 2021) (ellipsis in the original) (internal quotation marks and citation omitted). "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, and to avoid or minimize the danger of surprise at trial." *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (quoting *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006)). A bill of particulars is not, however, "a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018). The Eighth Circuit has upheld a district court's decision to deny a defendant's request for a bill of particulars when "[t]he government's disclosures were more than sufficient to enable [the defendant] to understand the nature of the charges, prepare a defense, and avoid unfair surprise." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011); *see also Lundstrom*, 880 F.3d at 439–40 (affirming the district court's denial of a bill of particulars because "[t]he governments' disclosures were sufficient to enable [the defendant] to understand the nature of the charges against him, prepare a defense, and avoid any surprise").

Here, Counts I and III "contain the elements of [each] charged offense and fairly inform [the defendants] of the offense[s] against which" they are "expected to defend." *United States v. Mann, 701 F.3d 274, 288 (8th Cir. 2012)*. Counts I and III are therefore sufficiently alleged, even if certain details are unresolved. Moreover, that the Third Superseding Indictment may be wanting in detail is not grounds for a bill of particulars. Counsel for the Government has represented that he has disclosed "voluminous discovery" to defense counsel for both Bregman and Schmitt and that he has communicated with both sets of defense counsel about cooperating witnesses' statements describing Bregman's and Schmitt's involvement in this case. Filing 731 at 4; Filing 735 at 4. Counsel for both Bregman and Schmitt have acknowledged their receipt of substantial discovery and their discussions with the prosecutor about the statements of cooperating witnesses. *See* Filing 760 at 1; Filing 619 at 20; Filing 793 at 5. Based on its familiarity with this case, the Court does not doubt that the discovery "consists of numerous terabytes of data," Filing 731 at 4; *see also* Filing 619 at 20 (referencing "the seven terabytes of discovery provided in connection with this case"). Although the defendants may desire "the specifics" of the cooperating witnesses' identities and anticipated testimony or the "scope of the case the government [will] seek to prove," "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Huggans, 650 F.3d at 1220* (internal quotation marks and citation omitted). Between the Third Superseding Indictment itself and the discovery disclosures that the prosecutor represents and defense counsel does not challenge the Government has made, the Court concludes there is sufficient information for the defendants "to understand the nature of the charges" in Counts I and III, "prepare a defense, and avoid unfair surprise." *Livingstone, 576 F.3d at 883* (internal quotation marks omitted).

### 3. Venue is Proper in the District of Nebraska for Counts I and III

Bregman also seeks to dismiss the conspiracy charges for improper venue, arguing that "Nebraska is the improper venue" because Bregman "had no involvement in any conspiracy that allegedly operated in the District of Nebraska." Filing 618 at 3; Filing 619 at 19. The Government counters that venue is proper on the face of the Third Superseding Indictment because it "charge[s] [Bregman] and his codefendants with committing crimes 'in the District of Nebraska and elsewhere.'" Filing 731 at 6 (quoting Filing 375 at 1, 2).

The Eighth Circuit Court of Appeals has explained:

> "'Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure.' A federal crime may be prosecuted in any district in which such offense began, continued, or was completed." *United States v. Banks*, 706 F.3d 901, 904 (8th Cir. 2013) (citations omitted). The *locus delicti*, or the place of the wrong, "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6–7, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998) (citation omitted). "In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999).

*United States v. Mink*, 9 F.4th 590, 601 (8th Cir. 2021). In the conspiracy context, "venue is proper in any district in which any act in furtherance of the conspiracy was committed by any of the conspirators even though some of them were never physically present there." *United States v. Banks*, 706 F.3d 901, 904–05 (8th Cir. 2013) (internal quotation marks and citation omitted)).

"When a defendant moves to dismiss for lack of venue . . . the court must presume the truth of the allegations in the indictment and consider whether venue is proper based on those allegations." *United States v. Hardaway*, 999 F.3d 1127, 1130 (8th Cir. 2021). "An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits," and "[t]he indictment need not detail specific acts that support

9

the charge." *Id.* (ellipsis in the original) (stating that "there was venue in the Eastern District of Missouri to try the allegation that Hardaway conspired to commit money laundering in 'the Eastern District of Missouri' and elsewhere"). "Venue is ordinarily a question of fact for the jury and must be instructed upon if in issue." *Mink*, 9 F.4th at 602 (quoting *United States v. Jaber*, 509 F.3d 463, 466 (8th Cir. 2007)).

Here, Counts I and III both charge that Bregman committed the relevant alleged crime "in the District of Nebraska and elsewhere." Filing 375 at 1, 2. The Third Superseding Indictment does not "detail specific acts" supporting these charges, but it does not need to. *Hardaway*, 999 F.3d at 1130. At this stage, the Court presumes the truth of the Third Superseding Indictment's allegations and finds that they support venue in the District of Nebraska. *Id.* "To go beyond the face of the [Third Superseding Indictment], and challenge the sufficiency of the government's evidence on venue, [Bregman] [is] required to proceed to trial and put the government to its burden of proof." *Id.* Should Bregman proceed to trial on the conspiracy counts, the Court will—as it always does— instruct the jury on the issue of venue. *See Mink*, 9 F.4th at 602.

   4.   *Counts I and III Are Not Time-Barred*

Next, Bregman argues that "the prosecution of Bregman is time-barred by the applicable statute of limitations under 18 U.S.C. § 3282(a)." Filing 622 at 1. Pursuant to 18 U.S.C. § 3282, the statute of limitations for the conspiracy charges is five years. 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). Generally, the statute of limitations for an offense "begins to run once it is complete—in other words, once all elements of the offense are established." *United States v. Askia*, 893 F.3d 1110, 1116 (8th Cir. 2018). "There is an exception to

10

this general rule, however, for a 'continuing offense.' A continuing offense is, simply put, a single crime that continues over time." *Id.* When an offense is a continuing offense, the statute of limitations "does not start until the offense 'expires.'" *Id.* In the case of a conspiracy, which is "a classic continuing offense," the statute of limitations does not commence "until the conspiracy expires—for example, when either the conspiracy's unlawful purpose is accomplished or the relevant conspirator withdraws from the conspiracy." *Id.*

Bregman does not argue that the Third Superseding Indictment was filed outside the statute of limitations for the conspiracy charges, but he does contend that "during the statute of limitations period, Bregman has not engaged in any acts in furtherance of the government's alleged conspiracy." Filing 622 at 3. Bregman's position appears to be that he withdrew from the conspiracies alleged in Counts I and III and therefore did not commit any criminal conduct during the five-year limitations period. Filing 623 at 2. The Eighth Circuit has stated the "general rule" that "an individual conspirator can commence the running of the statute of limitations as to that individual by affirmatively withdrawing from the conspiracy." *United States v. Grimmett*, 150 F.3d 958, 961 (8th Cir. 1998) (*Grimmett I*). "[I]t is not easy to withdraw from a criminal conspiracy," *United States v. Green*, 835 F.3d 844, 851 (8th Cir. 2016) (quoting *United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002)), and "[t]he defendant has the burden to show affirmative steps to withdraw," *United States v. Johnson*, 737 F.3d 522, 526 (8th Cir. 2013). Withdrawal requires more than "[p]assive nonparticipation." *Id.* (alteration in the original) (quoting *Smith v. United States*, 568 U.S. 106, 112–13 (2013)). "To avert a continuing criminality there must be affirmative action to disavow or defeat the purpose of the conspiracy." *Smith*, 568 U.S. at 113 (cleaned up). For instance, the conspiracy "limitations period begins to run" as to a conspirator when "the withdrawing conspirator severs all ties to the conspiracy and its fruits, *and* acts affirmatively to defeat the

11

conspiracy by confessing to and cooperating with the authorities." *United States v. Grimmett*, 236 F.3d 452, 456 (8th Cir. 2001) (*Grimmett II*) (emphasis in the original).

Bregman asserts that Counts I and III are time-barred because he withdrew from the alleged conspiracies, but he has not identified when he purportedly withdrew or what actions he took to withdraw, much less shown that those actions met the "rigorous standard for withdrawal."[2] *Grimmett II*, 236 F.3d at 455–56. As a result, Bregman has not come close to carrying his burden on this issue, and the Court denies Bregman's motion to dismiss Counts I and III as time-barred.

5. *Counts I and III Do Not Constitute Selective Prosecution*

Finally, Bregman asks the Court to dismiss Counts I and III to the extent that they "attempt[ ] to prosecute unrelated, state-sanctioned activity." Filing 622 at 1. Bregman asserts that "in the last five years" he "has been exclusively involved with licensed marijuana companies operating lawfully under California state law." Filing 622 at 2. Bregman argues that "to the extent that this prosecution involves selective prosecution of licensed, state-legal marijuana production, it must be dismissed as it is in violation of the Fifth Amendment's due process clause, incorporated equal protection guarantees, and 'the constitutional role of States as sovereign entities' to prosecute their own crimes under the Tenth Amendment." Filing 623 at 4 (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

This "perfunctorily raised" and "undeveloped" argument is without merit. *In re Vera T. Welte Testamentary Tr.*, 96 F.4th 1034, 1039 (8th Cir. 2024) (internal quotation marks omitted) (quoting *United States v. Kirk*, 528 F.3d 1102, 1104 n.2 (8th Cir. 2008)). Counts I and III charge Bregman with violations of federal law, and each count sufficiently states a federal conspiracy

---

[2] Bregman claims that "[i]n the last five years" he "has been exclusively involved with licensed marijuana companies operating lawfully under California state law." Filing 622 at 2. Even assuming that this assertion is the basis for Bregman's withdrawal argument, he has not demonstrated how such action, if true, constitutes "affirmative action to disavow or defeat the purpose of the conspiracy." *Smith*, 568 U.S. at 113.

12

charge. Bregman's claim that the Government has "merge[d] Bregman's conduct involv[ing] state-legal cannabis companies into its illegal trafficking theory" is conclusory and does not approach the "demanding" standard for showing selective prosecution. *United States v. White*, 928 F.3d 734, 742–43 (8th Cir. 2019). Specifically, a "selective prosecution claimant" must "show 1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights." *Id*. (internal quotation marks and citation omitted). Bregman has not argued—much less shown—that he has been "singled out for prosecution" or that he "engaged in similar conduct as individuals" who have not been prosecuted. *Id.* at 743 (internal quotation marks and citation omitted). Nor has Bregman meaningfully advanced a Tenth Amendment argument, given that he altogether overlooks the fact that the Controlled Substances Act "is a valid exercise of federal power under the Commerce Clause" and that the Act "prevail[s]" in the face of any "conflict between federal and state law with respect to marijuana." *United States v. Maupin*, 3 F.4th 1009, 1013 (8th Cir. 2021) (internal quotation marks omitted) (quoting *Gonzales v. Raich*, 545 U.S. 1, 9 (2005) and *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018)). Accordingly, the Court denies Bregman's motion to dismiss Counts I and III for selective prosecution.

### B. Count II: The Substantive Money Laundering Charge

The Court turns to Bregman's and Schmitt's arguments regarding Count II, the substantive money laundering charge. Count II alleges in full:

> From an unknown date but at least as early as August 1, 2014, and continuing to August 31, 2021, in the District of Nebraska and elsewhere, the defendants DAVID LEIDERMANN, ERIC THIBODO, EVAN BOWEN, DAVID KYLE BOESE, ADAM ROSS BREGMAN, GABRIEL R. COLINDRES, JUSTIN GARRINGER, MICHAEL GARRINGER, RICHARD WESLEY MARSHALL,

TYLER JOHN WITTEMAN, MICHAEL J. KONIOR, ERIC CHA, and CHRIS SCHMITT, did knowingly conduct, attempt to conduct, and cause to be conducted, financial transactions affecting interstate commerce which involved the proceeds of a specified unlawful activity, that is: Distribution and Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and THC, its salts, isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location and source of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Filing 375 at 2. Both Bregman and Schmitt seek the dismissal of Count II as duplicitous or, alternatively, they seek a bill of particulars. Filing 613 at 1; Filing 618 at 4. Bregman also argues that Count II should be dismissed for improper venue, for violating the statute of limitations, and for constitutional violations. Filing 622 at 3. The Court agrees with Bregman and Schmitt that Count II is problematic.

The root of Count II's problems is that the Government has charged the substantive crime of money laundering like a conspiracy. Count II spans a seven-year time frame and it references "financial transactions" generally without identifying a single specific transaction. This is sufficient to allege conspiracy to commit money laundering, as the Court explains in Section II.A. above, but conspiracy to commit money laundering is a distinct offense from money laundering and the crimes have separate elements. See United States v. Jarrett, 684 F.3d 800, 803 (8th Cir. 2012) ("[T]he elements for proving the crime of conspiracy are separate and distinct from the elements needed to establish the substantive offense of money laundering." (quoting United States v. Threadgill, 172 F.3d 357, 370–71 (5th Cir. 1999))). Importantly, "a single overall conspiracy . . . can be made up of a number of separate transactions and of a number of groups involved in separate crimes or acts." United States v. Delgado, 653 F.3d 729, 736 (8th Cir. 2011) (internal quotation marks and citation

14

omitted). The substantive crime of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i), however, prohibits "individual acts of money laundering" and "not the course of action which those individual acts may constitute." *United States v. Martin*, 933 F.2d 609, 611 (8th Cir. 1991) (rejecting the defendant's argument that the indictment was multiplicious because it charged the defendant with two separate counts of money laundering). When "individual acts are prohibited" by a statute instead of "the course of action which they constitute," "each act is punishable separately." *Id.* Under the Federal Rules of Criminal Procedure, separate offenses must be charged in separate counts or else a duplicity issue arises. Fed. R. Crim. P. 8(a); *Pietrantonio*, 637 F.3d at 869 ("Federal Rule of Criminal Procedure 8(a) provides that the government may charge two or more connected offenses in the same indictment, as long as each is charged in a separate count."). To that end, the Eighth Circuit determined in *United States v. Prescott* that a single money laundering count charging the defendant with generally "knowingly and willfully conduct[ing] and attempt[ing] to conduct financial transactions" without specifically identifying those transactions was "defective and duplicitous because it allege[d] multiple transactions rather than a single transaction." 42 F.3d 1165, 1166 (8th Cir. 1994) (holding that the substantive money laundering charge was duplicitous but affirming the defendant's conviction because she "waived the defect because she did not raise it before trial").

Much like the duplicitous money laundering count in *Prescott*, Count II only generally charges Bregman and Schmitt with "knowingly conduct[ing], attempt[ing] to conduct, and caus[ing] to be conducted, financial transactions affecting interstate commerce which involved the proceeds of a specified unlawful activity." Filing 375 at 2. By "alleg[ing] multiple transactions rather than a single transaction," *Prescott*, 42 F.3d at 1166, Count II joins "in a single count . . . two or more distinct and separate offenses," *Nattier*, 127 F.3d at 657. In other words, Count II is duplicitous. The

15

"distinct and separate" nature of the financial transactions referenced only generally in Count II is further muddied by Count II's seven-year time frame, which suggests that the unspecified financial transactions "occurred on different dates" and that "different evidence is necessary to prove" them. *Martin*, 933 F.2d at 611.

On its own, duplicity is not a fatal defect because "[t]he risk inherent in a duplicitous count . . . may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." *Nattier*, 127 F.3d at 657. Here, however, Count II's duplicity is aggravated by the fact that Count II charges multiple transactions *and* it does not identify a single distinct transaction. "An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *Huggans*, 650 F.3d at 1217 (internal quotation marks and citation omitted). The first element of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i) is that the defendant "conducted or attempted to conduct a financial transaction which in any way or degree affected interstate commerce or foreign commerce." *United States v. Grady*, 88 F.4th 1246, 1261–62 (8th Cir. 2023) (setting out the four elements of money laundering). Count II alters the first element in that it plurally alleges "financial transactions," and Count II does not contain any information about any of the financial transactions forming the basis of the substantive money laundering charge. If Bregman or Schmitt went to trial on Count II, the Court could not draft a limiting instruction directing the jury to unanimously agree on a specific transaction from the Third Superseding Indictment because there are no specific transactions in Count II of the Third Superseding Indictment.

16

Count II also has a timing problem because of its framing as a conspiracy charge. Like Counts I and III, Count II is subject to a five-year statute of limitations under 18 U.S.C. § 3282(a). Unlike the conspiracy charges, however, a substantive money laundering charge is not a continuing offense for statute-of-limitations purposes.[3] That is, money laundering is not "a single crime that continues over time." *Askia*, 893 F.3d at 1116. Instead—and as the Court has already explained above—the Eighth Circuit has determined that "it is the individual acts of money laundering which are prohibited under section 1956(a)(1)(B)(i), and not the course of action which those individual acts may constitute." *Martin*, 933 F.2d at 611; *see also United States v. Kramer*, 73 F.3d 1067, 1072 (11th Cir. 1996) ("But, the statute does not make money laundering a continuing offense. The statutory language and legislative history indicate that each transaction or transfer of money constitutes a separate offense."); *United States v. Huber*, No. CR. C3-00-76, 2002 WL 257851, at *1 (D.N.D. Jan. 3, 2002) ("Thus, there is no doubt that the government must charge a specific financial transaction for each substantive money laundering count."). It follows that the statute of limitations for a money laundering charge "begins to run once" the individual act of money laundering "is complete—in other words, once all elements of the offense are established." *Askia*, 893 F.3d at 1116. Count II's seven-year time frame and general reference to "financial transactions" obfuscate both what the individual acts of money laundering are and when they were completed. Furthermore, it is entirely likely based on Count II's language—"[f]rom an unknown date but at least as early as August 1, 2014"—that when the grand jury first indicted the defendants in 2023,

---

[3] It is true that money laundering "arguably might rank as a 'continuing offense'" for venue purposes—meaning it is possible that money laundering may be "begun in one district and completed in another" and therefore "may be tried in any district in which such [an] offense was begun, continued, or completed." *United States v. Cabrales*, 524 U.S. 1, 4, 8 (1998) (internal quotation marks and citations omitted). However, the Court does not address the issue of venue for Count II because the Court concludes that Count II is defective on other grounds.

17

the five-year statute of limitations had already run for one or more of the unspecified individual acts of money laundering. Filing 375 at 2. The Court finds it telling that the Government's response to Bregman's motion to dismiss the Third Superseding Indictment as time-barred only addresses the conspiracy charges and altogether fails to confront the issues with the substantive money laundering charge. *See generally* Filing 743.

Taken together, Count II's duplicity, its failure to identify a single specific financial transaction, and its overall conspiracy-like construction render it defective as a substantive money laundering charge. The Court considered ordering the Government to provide a bill of particulars notifying Bregman and Schmitt of the dates, amounts, and participants of the specific financial transactions they are charged with committing in Count II but the Court is concerned that a bill of particulars would do more than simply provide "additional notice of the precise allegations against" Bregman and Schmitt and would actually amend the Third Superseding Indictment to state those allegations for the first time. *Mann*, 701 F.3d at 288. In other words, allowing the Government to allege this information in a bill of particulars would go beyond curing "deficiencies in the [Third Superseding Indictment's] form" and would instead give the Government a second chance at charging Bregman and Schmitt with the substantive crime of money laundering. *Mann*, 701 F.3d at 288. This in turn would "implicate[ ] the defendant[s'] Fifth Amendment right to be charged by a grand jury." *United States v. Brown*, 560 F.3d 754, 763 (8th Cir. 2009). Because Count II is defective as described above, the Court grants Bregman's and Schmitt's motions to dismiss that count.[4]

---

[4] The Court acknowledges that of the seven codefendants who have been sentenced in this case so far, six have pleaded guilty to Count II of the Third Superseding Indictment. All seven of those defendants waived their rights to challenge the manner in which the Government obtained its evidence by pleading guilty, and they all significantly limited their rights to appeal their convictions and sentences in their plea agreements. *See United States v. Woodard*, 675 F.3d 1147, 1150 (8th Cir. 2012) ("[A] plea of guilty, knowingly and understandably made, waives all non-jurisdictional defects and defenses and equates with an admission of guilt." (internal quotation marks and citation

### III. CONCLUSION

For the foregoing reasons, Bregman's and Schmitt's motions to dismiss are granted in part and denied in part. Counts I and III (the conspiracy charges) are sufficiently alleged in the Third Superseding Indictment and withstand the defendants' challenges. The Court therefore denies Bregman's and Schmitt's motions as to those counts. On the other hand, Count II (the substantive money laundering charge) is defective. Count II is duplicitous and vague, and it necessarily contains time-barred allegations. Count II is therefore dismissed as to Bregman and Schmitt. Accordingly,

IT IS ORDERED that:

1. Defendant Chris Schmitt's Motion to Dismiss or In the Alternative Motion for Bill of Particulars, Filing 613, is granted in part and denied in part as follows:

a. Schmitt's request to dismiss Count II is granted, and Count II of the Third Superseding Indictment is dismissed as to Schmitt; and

b. Schmitt's request for a bill of particulars is denied.

2. Defendant Adam Ross Bregman's Motion to Dismiss for Duplicity or Alternatively, For a Bill of Particulars and Election and Motion to Dismiss for Improper Venue, Filing 618, is granted in part and denied in part as follows:

---

omitted)). The Court further notes that the defendants who have pleaded guilty in this case have received a great benefit in doing so. As for the defendants who have not yet proceeded to trial or pleaded guilty, they have waived the challenges to Count II addressed in this order by failing to raise them before the pretrial motion deadline or, in the case of defendant Richard Wesley Marshall, by failing to support them with argument or explanation. Filing 316 at 10 (rejecting Marshall's statement that Count II is duplicitous because he did not include "any further argument or explanation" and because "[t]he Court is not obliged to consider this perfunctorily raised, undeveloped argument" (internal quotation marks omitted) (quoting *In re Vera T. Welte Testamentary Tr.*, 96 F.4th at 1039)); *see also* Fed. R. Crim. P. 12(b)(3)(B) (providing that "a defect in instituting the prosecution" and "a defect in the indictment or information" are "defenses, objections, and requests [that] must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"); *Prescott*, 42 F.3d at 1166 (explaining that "defenses and objections based on defects in the indictment must be raised before trial" and the failure to make such an objection "is a waiver of that defense").

a. Bregman's request to dismiss Count II is granted, and Count II of the Third Superseding Indictment is dismissed as to Bregman;

b. Bregman's request to dismiss Count I and Count III of the Third Superseding Indictment is denied; and

c. Bregman's request for a bill of particulars is denied.

3. Defendant Adam Ross Bregman's Motion to Dismiss Indictment as Barred by Statute of Limitations and for Selective Prosecution, Filing 622, is granted in part and denied in part as follows:

a. Bregman's request to dismiss Count II is granted, and Count II of the Third Superseding Indictment is dismissed as to Bregman; and

b. Bregman's request to dismiss Count I and Count III of the Third Superseding Indictment is denied.

Dated this 10th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge

20